AO 91, Rev. 11/82 (J. Khan Authorizing)    **CRIMINAL COMPLAINT**    # 12-128

| | |
|---|---|
| **United States District Court** | DISTRICT: Eastern District of Pennsylvania |
| UNITED STATES OF AMERICA<br>v.<br>Andrea Lawton a/k/a Andrea Gresham | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>FILED SEP 19 2012<br>12-1345<br>MICHAEL E. KUNZ, Clerk<br>By NMC Dep. Clerk |

Complaint for violation of Title 18 U.S.C. § 2314.

| NAME OF JUDGE OR MAGISTRATE | OFFICIAL TITLE | LOCATION |
|---|---|---|
| Honorable Lynne A. Sitarski | U.S. Magistrate Judge | Philadelphia, PA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
|---|---|---|
| August 24, 2012 through September 18, 2012 | Bryn Mawr, PA, Mobile, AL, and elsewhere | 5909 Ziegler Boulevard, Mobile, Alabama. |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

Between on or about August 24, 2012 and September 18, 2012, the defendant unlawfully transported a bust of Benjamin Franklin, valued in excess of $5,000, in interstate commerce, from the Eastern District of Pennsylvania to Mobile, Alabama, knowing the bust had been stolen, converted or taken by fraud, in violation of Title 18, United States Code, Section 2314.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>Adam Sucheski  /s/<br>OFFICIAL TITLE<br>Special Agent, Federal Bureau of Investigation |
|---|---|

Sworn to before me and subscribed in my presence.

| SIGNATURE OF MAGISTRATE [1]<br>/s/ Lynne A. Sitarski<br>Honorable Lynne A. Sitarski, United States Magistrate Judge | DATE<br>9/19/2012 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54

AFFIDAVIT

I, ADAM SUCHESKI, do depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for the past 6 years. In this capacity, I have investigated fugitives and numerous crimes, including but not limited to burglaries and theft of major artwork. I have been the Affiant for affidavits, in support of both search and arrest warrants.

2. I am currently assigned to the investigation of ANDREA LAWTON and her involvement in the interstate transportation of stolen property. The information contained in this affidavit is based on my personal knowledge and on information provided to me by the victim, other agents and law enforcement officers involved in this investigation as well as various public and private databases. The identities of the persons described below as the victim and Witnesses 1 through 5, as well as the locations of the victim's residence and LAWTON's Philadelphia residence are all known to me. Witnesses 1 through 4 work for the cleaning company described below, whose name is also known to me.

3. Your affiant has learned that the victim, who is the owner of a private residence in Bryn Mawr, in the Eastern District of Pennsylvania, (hereinafter "the victim location") had hired a cleaning company, known to me, to service his residence. The victim kept a rare Benjamin Franklin bust, hereinafter "the bust," perched atop a pedestal (hereinafter "the pedestal") in the drawing room of the residence.

4. Witness 1, a manager at the cleaning company, stated that prior to August 21, 2012, LAWTON had been assigned to clean the residence and that she was told not to touch the bust. LAWTON and other employees of the cleaning company were further told that the bust was extremely valuable.

5. On August 21, 2012, the cleaning company terminated LAWTON. Witness 1 further stated that LAWTON would have no reason to be in the victim's residence after her termination on that date.

6. On August 24, 2012, at approximately 12:30 pm, Witnesses 2, 3, and 4 arrived at the victim's residence in order to clean it. As they arrived, all three witnesses observed a maroon Chevrolet Tahoe parked in the driveway. The witnesses indicated that the Tahoe then sped off from the residence.

7. Witness 2 immediately recognized the driver of the Tahoe as "Andrea," a former employee of the company. Witness 2 subsequently recognized a photograph of LAWTON, contained in a photo array prepared by Lower Merion Police Department, to be a photograph of "Andrea." The cleaning company's personnel files further verified that "Andrea" was LAWTON.

8. After LAWTON drove away, Witness 2 observed an exterior door to the residence ajar. Witness 2 further observed that the pedestal was now outside the residence, but that the

bust was not on the pedestal. Employees of the cleaning company then called Lower Merion Police to report a burglary of the victim's residence.

9. While the witnesses were waiting for the police to arrive, LAWTON's husband called Witness 2 and said "I don't wanna know what's going on. I have nothing to do with this. That is the same thing I told her, but y'all need to talk." Witness 2 recognized the voice as that of Aaron Lawton, LAWTON's husband. Public records and law enforcement checks indicate that Aaron Lawton shares the same Philadelphia address as LAWTON.

10. The responding police officers checked the residence and discovered that an air conditioning unit had been removed from a window of the residence, thus allowing a person to gain entry to the residence through the open window. There were no other signs of forced entry. A search of the residence confirmed that the bust was nowhere in the residence.

11. The victim stated that the bust stolen from his residence was worth at least $3,000,000 and that also stolen were, collectively valued at $80,000, a framed picture of Victor Herbert, a conductor baton, an autograph, and a list of his music. The victim stated that he did not provide LAWTON, or anyone else, permission to remove the items from his residence.

12. On August 24, 2012, the Lower Merion Police Department applied for and was granted an arrest warrant for LAWTON. Lower Merion police have since attempted to locate and arrest LAWTON at her last known address on Hazelhurst Street in Philadelphia. On both occasions, LAWTON was not located. LAWTON's husband, Aaron Lawton, indicated that he did not know where she was and that she had lost her cellular telephone. Based on their investigation and attempts to locate her, Lower Merion police have concluded that LAWTON has abandoned her Philadelphia address.

13. Through my investigation in this case, including a review of LAWTON's criminal history – which includes numerous theft-related arrests, including four convictions for burglary – I have determined that LAWTON was born in Alabama. In my efforts to locate LAWTON and the bust, I have coordinated with other law enforcement agents, including FBI Special Agents assigned to the Mobile Division in Alabama

14. On September 16, 2012, FBI Special Agents from the Mobile Division observed LAWTON at the Windcreek Casino in Atmore, Alabama. LAWTON arrived at approximately 9:00 PM and departed at approximately 3:45 AM on September 17, 2012. FBI Special Agents then tracked LAWTON to a residence at 5909 Ziegler Boulevard in Mobile, Alabama.

15. On September 19, 2012, your Affiant spoke on the telephone with Witness 5, a person who reports having had contact with LAWTON since she fled to Alabama. Before I spoke with Witness 5, this person had been interviewed by law enforcement agents who verified the information that s/he had provided about his/her contacts with LAWTON since she arrived in Alabama. Witness 5 advised me that within the last three days, s/he

directly heard LAWTON state that she still had possession of the bust and that she intended to transport it outside of Alabama in order to sell it on the black market.

16. Your Affiant asserts that there is probable cause to believe that ANDREA LAWTON has transported, transmitted, or transferred in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud, in violation of Title 18, United States Code, Section 2314, and as such a warrant should be issued.

Adam Sucheski
Special Agent,
Federal Bureau of Investigation

Sworn before me on this 19th day of September, 2012

Honorable Lynne A. Sitarski
United States Magistrate Judge