IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO.  12-1345-M |
| ANDREA LAWTON | : | |
| a/k/a Andrea Gresham | | |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The defendant presents too high a risk of flight to be trusted to comply with conditions of release.  When advised of an arrest warrant against her, the defendant fled Philadelphia for her native Alabama, where she hid until she attempted to further her crimes in Maryland.  Her lengthy criminal history documents over a dozen aliases that she had used with law enforcement before being arrested while traveling under yet another assumed identity.  She is unemployed, having been fired from her housekeeping job days before burglarizing a former client and abandoned her Philadelphia address to commit the instant offense.  She has a proven ability to find refuge with her contacts in the South and now faces stakes far higher than those when she first fled the jurisdiction.  Because no condition or combination of conditions will reasonably assure the defendant's appearance as required, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.  In support of this motion, the government makes the following representations.

1. **FACTUAL BASIS FOR DETENTION**

    A. **Probable Cause And The Evidence In This Case**

    There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 2314, as charged in the criminal complaint filed on September 19, 2012. The evidence, summarized as follows,  is overwhelming.

As detailed in the affidavit in support of the arrest warrant, on August 24, 2012, after being terminated by a housekeeping company, the defendant returned to the house of a former client and burglarized it, stealing – among other things, a rare bust of Benjamin Franklin worth at least $3 million.  After eyewitnesses to the crime called police, Lower Merion detectives obtained an arrest warrant for her.[1]  The defendant then abandoned her Philadelphia home.  The FBI then tracked the defendant to Alabama, where she was born.  The FBI also learned that the defendant still had the bust and was planning to transport it outside of Alabama in order to sell it on the black market.

The defendant continued to violate Title 18 United States Code, Section 2314 – as well as Section 2315 – after the filing of the complaint.  On September 20, 2012, traveling under an alias, she boarded a bus from Mobile, Alabama to Elkton, Maryland, where she intended to sell the bust.   After getting off the bus and retrieving her bag from the stored luggage, the defendant was arrested pursuant to the instant complaint and warrant.  A consensual search of the defendant's bag revealed that it contained the bust.  After initial denials, the defendant gave a Mirandized confession in which she admitted to agents from the FBI and IRS that she came to Maryland in order to sell the bust to a buyer on the black market.

B.     **Criminal Record. Aliases, and False Identifying Numbers**

Born in Alabama, the defendant's most notable tie to this District is the prolific criminal record she has accrued here since 1990.  Her lengthy criminal history, which includes numerous convictions for burglary and theft, reveals that in her dealings with law enforcement, she has used over a dozen aliases – including Sharon Page, Andrea Curry, Kyonna Davis, Andrea

---

[1] A detective made phone contact with the defendant the day that he obtained the arrest warrant.  After he told her that the best thing to do would be to return the bust, she ended the call.

Gresham, Adrine Sampson, Mary Sizgorich, Angela Williams, Sharon Blackwell, and Charlene Presbury – along with diverse birth dates and social security numbers. As recently as 2010, she was convicted of providing false identification to law enforcement in connection with other criminal charges. When the defendant was arrested in Maryland for the instant offense, she had been traveling under yet another alias – "Kay Brown," an identity which was not affiliated with her in any law enforcement databases.

### C. History of Noncompliance, Sentencing Guidelines and Community Ties

When she fled Philadelphia, the defendant was facing local charges for theft and burglary, and had the option of surrendering herself and her stolen property to the local authorities. She has now been caught with the bust, which suffered significant damage when she last transported it against state lines, and is facing indictment for federal criminal offenses. In addition to the pending charges from the Commonwealth of Pennsylvania – whose warrant has been lodged as a detainer – she is facing federal sentencing guidelines of 77-96 months or higher, and would owe substantial restitution to the victim. Her criminal history is rife with instances in which she was arrested for new crimes while on bail for pending charges. As she has specifically disobeyed instructions to appear in court in the past,[2] there is every indication that she will do so again if given the opportunity.

Thus, there are no community ties which would reasonably assure the defendant's appearance in Court. She has a reported history of crack cocaine use and was fired from her last job – indeed she claimed to the investigating agents that the burglary and theft of the victim's

---

[2] The government does not yet have the full details of the defendant's failure to appear history. At a minimum, however, court records reflect that she failed to appear in court on December 4, 2007, and was then the subject of a bench warrant until March 13, 2008. See MC-51-CR-0043181-2007.

rare art was motivated by her desire for revenge against her former employer. The defendant's actions in the last few weeks demonstrate her ability and willingness to seek refuge and assistance from out-of-state contacts, including those as far away as Alabama. Even her husband purportedly lost contact with her after she decided to hide from police.

## II.  CONCLUSION

Under the present circumstances, the defendant has every reason to flee the District again, and no reason to stay. Where the evidence is particularly strong and the defendant faces a significant sentence of incarceration convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,
ZANE DAVID MEMEGER
United States Attorney


 /s/ Joseph J. Khan
JOSEPH J. KHAN
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO.  12-1345-M |
| ANDREA LAWTON<br>    a/k/a Andrea Gresham | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this      day of             , 2012, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that: the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required by Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1	There is probable cause to believe that the defendant has violated 18 U.S.C. § 2314.

2.	The evidence in this case is strong, and includes eyewitnesses, a confession, flight, and the seizure of the stolen property on the defendant's person.  The evidence shows that on August 24, 2012, after being terminated by a housekeeping company, the defendant returned to the house of a former client and burglarized it, stealing a rare bust of Benjamin Franklin worth at least $3 million.  After Lower Merion police obtained a warrant for her arrest, the defendant fled to Alabama, where she hid for several weeks before attempting to sell the bust in Maryland.

       3.       The defendant has a long and significant criminal history dating back to 1990, including numerous convictions for burglary and theft, among other offenses.  In 2010, she was convicted of providing false identification to law enforcement in connection with other criminal charges.

       4.       The defendant has used over a dozen aliases, as well as multiple social security numbers and dates of birth, in connection with her alleged crimes.  When the defendant was arrested in Maryland for the instant offense, she was traveling under a new identity which was not affiliated with her in any law enforcement databases.

       5.       The defendant has a record of noncompliance with court conditions.  She at least some history of failing to appear in court, and her criminal history reveals numerous instances in which she was arrested for new crimes while other criminal charges were still pending.

       6.       The defendant is a native of Alabama who has significant out-of-state contacts and who abandoned her address in this District in order to commit the instant offense.  Thus, it would be difficult if not impossible to know where to look for her should she fail to appear as required.

       7.       There are insufficient community ties which would reasonably assure the defendant's appearance in Court.  Her husband reported being unaware of her whereabouts when authorities were looking for her.  She has a reported history of crack cocaine use and was fired from her last job.  The defendant has claimed that the burglary and theft of the victim's rare art was motivated by her desire for revenge against her former employer.

8. The defendant is the subject of charges in the Commonwealth of Pennsylvania, whose warrant has been lodged as a detainer. Here, she faces expected federal sentencing guidelines of 77-96 months or higher. Moreover, because the bust suffered significant damage when the defendant transported it across state lines, she faces a substantial restitution order. Accordingly, the defendant has a substantial incentive to flee.

9. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant is facing significant punishment upon conviction, increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE M. FAITH ANGELL
*United States Magistrate Judge*

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Orders has been served by e-mail upon the following counsel for the defendant:

Martin I. Isenberg
Two Penn Center
Suite 1040
Philadelphia, PA 19102
misenbergesq@comcast.net

  /s/ Joseph J. Khan
JOSEPH J. KHAN
Assistant United States Attorney

Date:      9/25/12